IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ZALIKHA KHALID                )
                              )
v.                            )    No. 3:07-1078
                              )    Judge Wiseman/Bryant
SOCIAL SECURITY ADMINISTRATION )

To: The Honorable Thomas A. Wiseman, Jr., Senior Judge

## **REPORT AND RECOMMENDATION**

### I. Introduction

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security denying plaintiff supplemental security income ("SSI") benefits, as provided under Title XVI of the Social Security Act, as amended. On March 21, 2008, plaintiff filed a motion for judgment on the administrative record (Docket Entry No. 16). On June 4, 2008, in lieu of a response to plaintiff's motion, defendant filed its own motion for entry of a judgment reversing and remanding the cause for further administrative proceedings (Docket Entry No. 29). Plaintiff responded by objecting to the need for further fact-finding, arguing that the case was ripe for an award of benefits on the record as currently constituted (Docket Entry No. 32). In support of its motion, defendant has filed a reply to plaintiff's response (Docket Entry No. 33). Upon consideration of these

1

papers and the transcript of the administrative record, and for the reasons stated below, the Magistrate Judge recommends that plaintiff's motion for judgment be **DENIED**, that defendant's motion for judgment be **GRANTED**, and that the Commissioner's decision be **REVERSED** and the cause **REMANDED** for further administrative proceedings as contemplated by defendant, to include rehearing.

**II. Discussion**

Defendant, in its motion for remand, concedes this litigation to plaintiff, admitting that the decision of the Administrative Law Judge ("ALJ") is invalid and indefensible as written. In its supporting memorandum (Docket Entry No. 30), defendant states that it believes that remand is appropriate in order to reevaluate both the severity of plaintiff's impairments, and the extent to which plaintiff failed to follow prescribed treatment. In response, plaintiff objects that the experts employed by defendant as consultative examiner (Dr. Gomez) and vocational expert (Dr. Sturgill) produced the proof which establishes disability resulting from the combination of plaintiff's physical limitations and her lack of literacy and other basic communication skills, and that defendant should therefore be bound by this proof.

In Faucher v. Sec'y of Health & Human Servs., 17 F.3d

2

171 (6th Cir. 1994), the Sixth Circuit Court of Appeals addressed the issue of ". . . what a district court should do once a determination is made that an ALJ erroneously applied the regulations and the [Commissioner]'s denial of benefits therefore must be reversed," concluding that a remand for further fact-finding is appropriate unless ". . . all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Id. at 173, 176. Moreover, the Faucher court stated that

> [W]hen the [Commissioner] misapplies the regulations or when there is not substantial evidence to support one of the ALJ's factual findings and his decision therefore must be reversed, the appropriate remedy is not to award benefits. ... A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.

Id. at 175-176 (citing Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985)).

Here, defendant's motion for remand is properly made under the fourth sentence of 42 U.S.C. § 405(g), which states that the district court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." While the parties agree that reversal of the Commissioner's decision is warranted here, plaintiff's entitlement to benefits is not so clearly established as to

3

warrant a judicial award of benefits in lieu of the requested remand. Rather, it appears that unresolved factual issues remain, specifically with regard to plaintiff's postural limitations and her compliance with prescribed treatment.

The administrative denial of plaintiff's application was based upon the determination that she did not suffer from any medically severe impairment or combination of impairments; the decision was thus made at step two of the five-step, sequential evaluation process that defendant employs to identify claimants who qualify as disabled.[1] Though the ALJ proceeded to evaluate the credibility of plaintiff's subjective complaints, she did not make other findings relative to the succeeding steps in the sequential evaluation process. As defendant has now conceded

---

[1]The five steps are as follows:

1) A claimant who is engaging in substantial gainful activity will not be found to be disabled regardless of medical findings.

2) A claimant who does not have a severe impairment will not be found to be disabled.

3) A finding of disability will be made without consideration of vocational factors, if a claimant is not working and is suffering from a severe impairment which meets the duration requirement and which meets or equals a listed impairment in Appendix 1 to Subpart P of the Regulations. Claimants with lesser impairments proceed to step four.

4) A claimant who can perform work that he has done in the past will not be found to be disabled.

5) If a claimant cannot perform his past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 539 (6th Cir. 2007)(citing, e.g., Combs v. Comm'r of Soc. Sec., 459 F.3d 640, 642-43 (6th Cir. 2006)(en banc)); 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f).

4

that the evaluation should have proceeded beyond the step two
screening for an enduring, minimally work-affective impairment --
given sufficient evidence of severe hypothyroidism, obesity, and
a cardiac condition (Docket Entry No. 33 at 2) -- the undersigned
is not inclined to recommend preemption of the agency's role and
duty as adjudicator in the first instance of the substance of
plaintiff's claim, barring truly overwhelming evidence of
disability.  Though in this case Dr. Sturgill testified that an
illiterate individual with no formal education could only perform
light work if that individual were able to engage in frequent to
constant postural movements (Tr. 329), the undersigned does not
find Dr. Gomez's assessment of occasional postural limitations to
be so abundantly supported by the record as to justify a finding
by this court that plaintiff is clearly limited to sedentary
work, and thus entitled to benefits.[2]  As the ALJ noted, it is at
least questionable whether Dr. Gomez's own, largely benign
findings on physical examination support the assessment of such
postural limitations,[3] or whether that assessment was based on

---

[2]Defendant's Medical-Vocational Guidelines establish that an individual meeting plaintiff's vocational description (aged 45-49, illiterate/unable to communicate in English, no previous work experience) is disabled if limited to sedentary work by her severe, medically determinable impairments.  20 C.F.R. Pt. 404, Subpt. P, App. 2, Table No. 1, Rule 201.17.

[3]Dr. Gomez initially made the following notes from the history of joint pain given by plaintiff:  "The patient also complains of chronic pain in multiple joints since 1997.  The pain is especially in her neck, shoulders, wrists, back, knees, and ankles.  The pain is aching type, severe, constant without radiation, increased with any movement of the joints, turning her head, reaching, gripping, lifting or bending, and standing or walking.  Her symptoms are decreased with pain medications and rest." (Tr. 246)  However,

5

plaintiff's subjective complaints of constant, severe joint pain, which the ALJ explicitly found wanting for support in the record (Tr. 18-19).

Moreover, as plaintiff has recognized (Docket Entry No. 17 at 32) and defendant has conceded (Docket Entry No. 33 at 2), the ALJ did not adequately develop the issue of plaintiff's noncompliance with prescribed treatment under 20 C.F.R. § 416.930, which calls for an examination of the reasons why treatment was not followed, and specifically requires consideration of any educational and linguistic limitations which may contribute to the failure to follow such treatment. § 416.930(b)-(c). As plaintiff has observed, the ALJ's conclusion that plaintiff's alleged limitations are largely the result of her own failure to comply with prescribed treatment is the lynchpin of the administrative decision, and the undersigned does not find sufficient support in the record to set that conclusion aside and make an affirmative finding that plaintiff was fully compliant with treatment and/or was fully justified in the instances of her noncompliance, and order an award of benefits. Rather, the appropriate course is to remand for

---

plaintiff was subsequently noted to take only aspirin as a pain reliever, to be in no acute distress with a normal gait, to display no difficulty getting on and off the exam table, to have a supple neck, to have full range of motion and little to no tenderness in the joints of her extremities, and to show negative results on sitting and supine straight leg raise tests, with no focal neurological findings, no abnormality in tandem, heel or toe walking, and no difficulty squatting or standing on one leg. (Tr. 247-48)

6

further administrative development of the issue, to the extent that it remains an issue upon the ALJ's reconsideration of this case.

Accordingly, the undersigned concludes that the case must be remanded to defendant for further administrative consideration in accordance with defendant's memorandum (Docket Entry No. 30), after affording plaintiff a new hearing upon an updated medical record.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be **DENIED**, that defendant's motion for entry of judgment reversing and remanding for further administrative proceedings be **GRANTED**, and that defendant's decision be **REVERSED** and the cause **REMANDED** for further administrative proceedings as contemplated by defendant, to include rehearing.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this

7

Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Cowherd v. Million</u>, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 10th day of July, 2008.

                                           <u>s/ John S. Bryant</u>
                                           JOHN S. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE